UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:15-cv-2553 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| LANZIE CARROLL HORTON, JR., | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is plaintiff's motion for summary judgment. (Doc. No. 8.) Defendant, though served with the motion, has neither filed any opposition nor sought an extension of the April 15, 2016 deadline. For the reasons set forth herein, the motion is granted.

## I. DISCUSSION

**A.     Background**

The factual and procedural background set forth by plaintiff in the motion for summary judgment is unopposed and, therefore, undisputed.

On December 10, 2015, plaintiff filed this action to reduce to judgment an administrative determination and fine by the United States Department of Agriculture's ("USDA") Administrator of the Animal and Plant Health Inspection Service ("APHIS") against defendant. (Complaint & Ex. A.)

An Administrative Law Judge ("ALJ") found defendant in violation of the Animal Welfare Act ("AWA" or "the Act"), 7 U.S.C. §§ 2131-2159, for his operation of Horton's Pups, a business located in Virginia, where defendant also lived. The business is currently in Millersburg, Ohio. Between about November 9, 2006 and September 30, 2009, defendant sold

dogs for use as pets to various licensed businesses. Defendant operated his business without the requisite license, although he had been timely warned against doing so by the APHIS.

Administrative proceedings were commenced against defendant. The ALJ issued an order directing defendant to cease and desist violating the Act and to pay $14,430 in civil penalties. Cross-appeals were taken, and the judicial officer ("JO") acting for the USDA adopted most of the ALJ's findings. However, the JO increased the civil penalty to $191,200. Defendant appealed to the Sixth Circuit, which affirmed the JO's decision. *See Horton v. U.S. Dep't of Agriculture*, 559 F. App'x 527 (6th Cir. 2014).

Plaintiff now demands judgment against defendant in the principal sum of $191,200, plus costs of suit, and such other relief as this Court may deem just.

**B.     Summary Judgment Standard**

When a party files a motion for summary judgment, it must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . .; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

**C.     Analysis**

Defendant has not opposed, or in any way refuted, the factual and procedural allegations. Defendant's sole defense, submitted as a letter to the Court that the Clerk filed as an answer, is that he cannot afford the fine. There is nothing in the record to support this assertion and, on summary judgment, a party is not entitled to rely solely on the pleadings. In any event, inability

to pay the civil penalty imposed under 7 U.S.C. § 2149(b) is not a valid defense. *See, e.g.*, *In re: Tracey Harrington*, AWA Docket No. 07-0036, 2007 WL 7278316 at *1 (U.S.D.A. Aug. 28, 2007) (inability to pay is not one of the statutory factors that must be considered when determining the amount of civil penalty); *In re: Marjorie Walker, d/b/a Linn Creek Kennel*, AWA Docket No. 04-0021, 2006 WL 2439003 at *22 (U.S.D.A. Aug. 10, 2006) (rejecting inability to pay as a valid basis for reducing the civil penalty).

The affirmance by the Sixth Circuit of the administrative decision by the APHIS and the USDA is case dispositive. There being no opposition offered by defendant, and the record, in fact, supporting plaintiff's position, plaintiff is entitled to judgment as a matter of law.

## II. CONCLUSION

For the reasons set forth herein, this Court hereby reduces to judgment the administrative determination and fine against defendant, Lanzie Carroll Horton, Jr. Although plaintiff requested both "costs of suit[,] and such other relief … as may [be] deemed just[,]" the Court further determines that this amorphous, unspecified, and unsupported request does not warrant any additional relief.

**IT IS SO ORDERED**.

Dated: June 30, 2016

                                                      **HONORABLE SARA LIOI**
                                                      **UNITED STATES DISTRICT JUDGE**